IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mario Antwan Lloyd, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:18-1512-BHH |
| v. ) | |
| ) | |
| Lt. James; Lt. Lumpkin; Sgt. ) | **ORDER** |
| Shinah; Anthony Dennis; Captain ) | |
| Kelly; and Major McGahey, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court upon Plaintiff Mario Antwan Lloyd's ("Plaintiff" or "Lloyd") pro se complaint filed pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff alleges violations of his constitutional rights while he was a pretrial detainee at Sumter-Lee Regional Detention Center ("SLRDC"). Plaintiff names as Defendants the following SLRDC employees: Lieutenant James ("James"), Lieutenant Lumpkin ("Lumpkin"), Sergeant Shirah ("Shirah"), Major Anthony Dennis ("Dennis"), Captain Kelly ("Kelly"), and Major McGhaney ("McGhaney") (collectively referred to as "Defendants").[1] On December 12, 2018, Defendants filed a motion for summary judgment.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review. On March 6, 2019, Magistrate Judge Shiva V. Hodges filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court grant Defendants' motion for summary judgment. Attached to the Report was a notice advising the parties of the right

---

[1] The complaint improperly identifies Sergeant Shirah as Sergeant Shinah, and Major McGhaney as Major McGahey.

to file written objections to the Report within fourteen days of receiving a copy. On March 21, 2019, Plaintiff filed objections, and Defendants filed a response to Plaintiff's objections.

## STANDARDS OF REVIEW

I. **The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

II. **Summary Judgment**

A court shall grant summary judgment if a party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a

party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

In her Report, the Magistrate Judge first determined that Plaintiff has failed to state a cognizable claim under § 1983 with respect to his assertion that Defendants did not properly process or respond to Plaintiff's grievances, noting that Plaintiff does not have a constitutional right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). In his objections, Plaintiff again complains that Defendants did not answer his grievances, but nowhere in his objections does he point to a legal error in the Magistrate Judge's analysis. After review, therefore, the Court agrees with the Magistrate Judge that Plaintiff's complaints related to the grievance process at SLRDC fail to state a cognizable claim under § 1983.

The Magistrate Judge next examined Plaintiff's complaints related to his conditions of confinement. Specifically, the Magistrate Judge considered Plaintiff's claim that Defendants violated his constitutional rights by improperly classifying him as a maximum security threat although he had not been charged with disciplinary infractions. The Magistrate Judge outlined Plaintiff's transfers between A, B, and G pods, along with the evidence regarding Defendants' reasons for classifying Plaintiff as a maximum security inmate. Ultimately, the Magistrate Judge found that Plaintiff failed to show that his transfers between pods amounted to unconstitutional punishment because "Defendants have

3

provided uncontroverted evidence that decisions about Plaintiff's security classification and housing assignments were made based on safety and security concerns at the institution." (ECF No. 35 at 8.)

Plaintiff spends the majority of his objections rehashing his arguments regarding his security classification and cell assignments. After review, however, the Court finds that other than his conclusory assertion that he was not a security threat, Plaintiff has not pointed to any evidence indicating that his security classification and cell assignment were not reasonably based on SLRDC's interest in maintaining jail safety and security. Although Plaintiff may disagree with Defendants' reasons for transferring him between pods, the Court fully agrees with the Magistrate Judge that Plaintiff has failed to show that his transfers constituted unconstitutional punishment.

Moreover, the Court agrees with the Magistrate Judge that Plaintiff has not sufficiently alleged that his conditions of confinement deprived him of a basic human need. Plaintiff again complains in his objections that he did not have a bunk, but after review of the record, the Court agrees with the Magistrate Judge that Plaintiff has not alleged any actual injury to sustain his claims regarding the conditions of confinement.

Finally, in her Report the Magistrate Judge found that Plaintiff's conclusory allegation that he was discriminated against by being assigned to maximum security housing was insufficient to support a claim of discrimination. *See Chapman v. Reynolds*, 378 F. Supp. 1137, 1140 (W.D. Va. 1974) (noting that a merely conclusory allegation of discrimination, without facts supporting the assertion that an officer's conduct was motivated by the litigant's race, is insufficient to state an actionable § 1983 claim). Plaintiff does not object to this conclusion, and the Court finds no clear error in the Magistrate Judge's analysis of

4

this claim.

## **CONCLUSION**

Based on the foregoing, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law.  Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 35).  The Court finds Plaintiff's objections without merit and overrules them (ECF No. 41), and the Court grants Defendants' motion for summary judgment (ECF No. 24).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

July 29, 2019
Charleston, South Carolina